I filed a 28-J letter in this case, which is the circuit position, which is roughly the back part of striking and the front part of factoring at the same time, because they're virtually identical. Both debtors purchased property in 1914. Mr. Green bought his. Ms. Rogers inherited hers. They both got into relationships. Ms. Rogers got married. Mr. Green moved in with his girlfriend. In approximately 2005, they ran into financial difficulties. Ms. Rogers divorced. Mr. Green got in a dispute with his girlfriend and moved out of the property. Ms. Rogers purchased the house. Mr. Green had previously purchased and put a travel trailer on the property. He then purchased a refabricated structure, which at one point someone called a tent, and that figure has been haunting me for years. The structure, however you want to call it, was photographed on page 100 of the photograph. It was a canvas, old frame, refabricated structure used in mines. At any rate, both filed bankruptcy in 2005. After owning the property for a decade, in both Nevada and Texas, you need to reside on property that is your property. And they then both ran into the same objections that their homes were being taxed under 520.16.1. That provides for the debtors that if you have any amount of interest that was acquired by the debtor during the 1215-day period. The Fifth Circuit said that no figure of any amount of value was quantitative and that it was referring to equity or title. I prefer to use the universe of equity than both. And the Fifth Circuit version, as contrasted with Judge Ives' version in our case, where he said what you acquire is a homestead, the Fifth Circuit version works if you look at the other parts of the section where they use the word interest in the property. For example, it fits with the exceptions, whereas if you try to call the word interest to be your homestead, then you'll have to use a different definition for the exceptions. The exceptions are that the homestead is not capped at $125,000 for the amount of interest you transfer from a previous residence. If you sell your house in the same year as the proceeds, that's what that applies to. The other exception is in Section Q2, and that says that you can't transfer a homestead if you're short a homestead and you're trying to have a house that's not very valuable because you borrowed it or bought it. And not only that, but if you don't have an interest in the property, you can't have a homestead because what you're doing is you're making the property. The other exception is in Section Q2, and that says- I'm confused now. Let's just back up a minute. Rogers, the Fifth Circuit and Rogers basically reach the same result as the district court in this case. Is that right? No. The Fifth Circuit and Rogers reach the same result, whereas- Whereas what? Whereas the new- Right. Okay. Oh, I see. Okay. I'm confused. Let me talk about that second exception. The $125,000 cap does not apply to the extent the amount of interest is necessary for the support of the debtor. In Nevada, it's in most states, you're allowed to exempt property that has commercial uses as long as you live on it. Well, the lead case in Nevada is referred to as Jackman's v. Nance, and that's referred to- And he was allowed to take both the gas station interest and his own personal interest through the bankruptcy as long as he didn't see the value of it. So if you think of a debtor who has Social Security and he lives in the duplex and he has the other part of the duplex, he needs that income, rental income, and that's what the due-to exception is. Again, you're talking about a quantitative exception. If you use the amount of interest for that exception, you could possibly describe it like a homestead. So you have a plain meaning of the problem if you try to call interest as a homestead. Acquiring the interest is acquiring the homestead. You also have- for this, you need to understand a little bit of history. Congress created the bankruptcy code in section 8 of the Constitution that said the bankruptcy code must be uniform. What they did to make it uniform is they said the property you can keep through a bankruptcy is determined by state law, meaning the amount of the exemption, and that- So this will help me be a little bit practical here. I guess what I need to know is what is the limits of your argument in terms of here you have somebody who owned a piece of property and started to use it as a residence and claimed a homestead in it. They didn't use it as a residence before that. All right, so what if they built a large addition on a house? The house is already there, but they built a large addition on it, and it's now worth more money. What about that? Is that an additional interest? No, that's an additional interest. Yes, it's an amount that was acquired during a 1,215-day period. Even though it's still the same house, but it's just added on to that. I'm sorry? It's still your homestead throughout the whole period, under the facts you told me, and they built it on a house. That's an obvious additional requirement of filing, but that's what you're asking. All right, so is that a new interest? Correct. That's an amount of interest. It's equity in the property. You increased the equity by adding the room. You did not change the fact it was homestead. And, therefore, it would be subject to the cap? No, you add – yes, it will be subject to the cap. Sorry. The way you asked it, yes. So the whole property would now be subject to the cap, or the addition would be subject to the cap? No. In other words, what this is intended to deal with is somebody who buys a whole new house that they didn't have before and tries to homestead it to move all their assets into it, right? That's what the original problem was that this statute dealt with. It's a little more broadly than that. The problem was going from a low-exemption to a high-exemption. Right, okay. But it's not limited to moving states. It just isn't. The statute is not, on its face, limited to moving to a different state. When they talk about selling a house and buying another house. Yes, that part is. But, in general, it's not limited to moving to a different state. The reason why it's important historically is, arguably, in a low-exemption state, people would loan you more money because, one, what they see that you had, you could not take through a bankruptcy and keep without being given – But it still covers – if somebody doesn't own a house at all, say, they're renting, and they want to go into bankruptcy, and now they go out and they buy themselves a house and move their assets into the house, the statute still covers it, right? Same state, not in this state. I understand that, but – And there are adjustments if you pay down the mortgage and therefore buy equity within the 1,215-day period. There's exemptions for that. That doesn't count. Okay. But if the person buys a house they didn't have before in the same state, it's covered. And then it's capped at 125. Right. Now, if they have a little house and they make it a bigger house, that's also capped. I'm just trying to understand what the limits of the statute are. You have a big house. I've got a $300,000 house, and I sell it. And I take my $300,000 and I buy a $400,000 house that's closer to my $100,000 than I have. They do not count the $300,000 towards the cap. But they do count the $100,000. They do count the $100,000. But they do count the $100,000. Yes, but you haven't put it over 125 yet. I understand that. Okay. But that house is completely exempt. What Green did when he moved on to that property, he didn't add a dime to the value. He spent $14 to record a homestead. Well, I thought he put a 10 on there. Well. Or something like. As I said, I've been somewhat haunted by that. Oh, but he. He moved on a trailer. All right. Doesn't that add to the value of the property? Not significantly. The trailer was purchased for $1,000 in 1999. It was on the property for some period of time. What's the difference between moving on a trailer and Judge Berzon's example, you know, building an add-on to the house? Well, he hasn't built more than $125,000 of equity. Now, if it's not capped, this property is going to be completely exempt because the Nevada homestead is worth $350,000 at the time of filing. The issue is whether we kicked in the cap by his moving on late, even though he didn't take any money from the search and rescue yet. Well, how does that differ from her example about, you know, building an addition, building an addition? So now we have we have a second issue, which is the appreciation issue. And I had a really hard time understanding the party's position. So could you outline your is your position that even if Judge Zive was correct about the homestead, still you the appreciation doesn't count or the opposite? I understand that. But I want to know if you could state your position in a couple of sentences, what your problem is about the appreciation. Because the cap applies to an amount of interest acquired by the debtor, passive appreciation doesn't count. There are two types of appreciation. One is passive appreciation. That is the property that you bought way back and it goes up in value and keeps going up during the 1215 period. That's not an interest that was acquired by the debtor. Let me see if I can articulate my problem. Are you assuming your position with regard to the cap or the opposite position with regard to the cap when you discuss the appreciation question? We believe that the cap is flexible. And what makes it flexible is the cause of the appreciation as to whether it was acquired by the debtor or not. I'm hoping I can resort to that. Why don't you finish this now and give me two more minutes. Go ahead. And the appreciation in this case are two. One is to take down the mortgages by $1,000. Therefore, the acquired property without doing anything extraordinary out of the ordinary. You're saying there's a statutory exception. And that makes it $126,000. Two, the property went up in value by an unknown amount because we got chopped off. And that was not property acquired by the debtor because everyone else's house did. And that's what Rasmussen's saying, why that line of cases. All right. But would you suppose we were to take the opposite position from the one you're arguing for with regard to the cap to begin with? Then you would still have the appreciation issue. And you're saying it comes out the same either way. Whatever we think about the cap, the appreciation issue comes out the same either way, is that what you're saying? No. If you were to rule in our favor on the Rodgers, what I call the Rodgers. Okay. Then the appreciation issue is moot because the homestead is $350,000 and the house is $150,000. Okay. That's what I'm trying to understand. So this is only an alternative position if you were to lose on the other issue. Okay. That's what I'm trying to understand. Thank you. Thank you. I'm sure you don't have to decide the cases. Unfortunately, we haven't had a previous opportunity to address the case of Rodgers at all. So this will be my first chance. Rodgers is very much a question. Rodgers came to a different conclusion than the bankruptcy court in our case and the district court. Rodgers came to the conclusion that under what they thought was the main language of Section 522, it must be acquired under the statute where the period is a vested economic interest in the homestead property, not the homestead itself. And this appeal probably, I think, boils down to whether or not you agree with Rodgers. Can I ask a question? One thing that the parties haven't noted, I don't think, is that the statute actually has two provisions. A is real or personal property that the debtor or dependent of the debtor uses as a resident, and the other is real or personal property that the debtor or dependent claims as a homestead. So it seems to treat property used as a resident regardless of whether it's claimed as a homestead. And I'm not really sure what that refers to because in our case we're only dealing with the claim to the homestead. Well, why? But he was using it as a resident. So why isn't it just out for that reason? And that's the end of it. I refer to a federal exemption, and I'm not sure why that's in the statute. Or it might refer to states that allow an exemption for residents but don't call it a homestead exemption. I'm not sure why that separate provision is in Nevada. But doesn't that suggest that the homestead itself, claiming of the homestead isn't a critical factor, and to call that a separate interest would be fairly peculiar? Because then you could just say, all right, fine, I'm not going to claim it as a homestead, I'm just using it as a residence, and I'm claiming it for that reason. In our case, I want to make sure the distinction is clear. We're not just talking about claiming the report. We're talking about the act of acquiring the property and making advantage of the fact that this property was already owned or available to the person. But your language, your argument depends on the word interest, right? Or actually, I'm sorry? Yes, it does. All right. And what I'm saying is, doesn't the fact that A is in there as well as D kind of negate the possibility of seeing it as a separate interest? Because certainly the fact that you use something as a residence isn't an interest. I'm just not sure that that is intended to be read together. I don't know whether or not that that's the case. Yes, but it's not just something about what the word interest means. That's a possible interpretation. I certainly agree with that. But I think that if you look at the statute and the policy behind 522, I think everybody agrees with the statute. Well, you know, all right, but the problem is that people write statutes to pursue an interest to a certain degree, and they don't necessarily cover everything that could possibly pursue that interest, and there's a lot of case laws saying that. I mean, this certainly looks like a subterfuge around what was intended, but that doesn't mean that it isn't there. I think that's a possible interpretation, but I just don't think that there's any practical reason for distinguishing between debtors who convert property into homesteads and debtors who convert real property into homesteads. I think in this case we're talking about the conversion of a non-exempt asset into an exempt asset. And I think, you know. Yeah, the person having to live in a house and having to live in a tent or a trailer, yes. I think one thing that none of these courts, and Rogers certainly hasn't talked about, is what might have been intended by the language of subsection 522P2B, which is the subsection that allows the debtor to roll over the equity from a principal place. The principal residence acquired before the statutory period. Rogers indicates that its concept of vested economic interest seems consistent with the rollover convention. But if Rogers is correct, why didn't Congress allow a debtor to roll over equity from a non-residential property owned before the statutory period? And why should an owner of vacant land who transfers his equity to a new homestead property be treated differently than a debtor like Green who converts the same property into a homestead? The effect of the debtor's actions in both cases is identical. And in neither case has the amount of the debtor's so-called vested economic interest been changed. Under Rogers, the debtor can claim his exemption by camping out on his vacant land, but not by trading it for a house and not by buying a house with the proceeds of the owned non-residential property. So under the subsection 522P2B, I think Congress plainly didn't want debtors to roll equity from non-residential property owned before the statutory period. But the problem is that there's no transaction here. There's a person who moved, but there's no transaction. There's no movement of money. It seems to me that there's... He could have owned a warehouse and moved into the warehouse, right? That's correct. What about the appreciation issue? I really felt that the briefs were passing the night on that. And this is what I was trying to clarify before, and I'm not sure I succeeded. But what I was trying to say is that your brief and the amicus brief seem to take the appreciation issue the opposite way from what I understand the... I think Mr. Green's claim is that even if Section 522 gap is applicable, he's entitled to the prepetition appreciation in addition to the $125,000 exemption under Section 522. Right. We think that even if the gap is applicable, which we contend that it is, there are three reasons why the district court properly rejected that argument. The district court said you don't get the appreciation in addition to the $125,000 gap. The first reason is that the gap is all this equity in the debtor's property as of the date of the bankruptcy regardless of whether some of the equity was the result of appreciation. And as you've already heard a little bit today, the exemptions are determined as of the date of the bankruptcy without reference to the subsequent changes in the character or value of the exempt property. I don't know if anyone mentioned the case, but Inmate 2, which we cited in our brief, 266 BR 743, 9th Circuit BAP case. So if you look at the exemption as of the date of the bankruptcy, the $136,000 gap in Section 522 in effect allows an exemption of $136,000 with respect to homestead property. I mean, you have to be right if I understand your point, which is whatever this cap applies to, it has to be at the moment of filing the petition. And that's your basic point, right? So the fact that he- The total value of the property is as of the date of the bankruptcy. Right. And then there really are two other reasons that go along with that. The second is that regardless of whether pre-petition appreciation is subject to the 522 cap, post-petition appreciation is clearly subject to the cap. And Mr. Green failed to assert or prove that there was any pre-petition appreciation in the bankruptcy court. He should have raised this issue in connection with the trustee's objection to claim of exemption. But he claims that this whole inquiry was cut off because of- No, I think the record shows that it's not the case. No, it seems that it was the case because the judge said it doesn't matter because he thinks he's already over the cap anyway. It doesn't matter. Well, no, the judge actually ruled on two independent grounds. He ruled that it was the cap was one, but he also said that there's no way there's any pre-petition appreciation here because the debtor's schedules showed that the debtor had valued the property at the exact same amount one year prior to the date that the bankruptcy was filed. Because the debtor actually filed a Chapter 13 originally and then dismissed that and a year later filed a Chapter 13. But didn't the judge at some point say, I'm not getting into this because on my theory of the case it doesn't matter? No, my reading of the record is that he actually made an independent determination that it was based upon the debtor's permissions. Was there any suggestion by the debtor that he wanted to amend the schedule? No suggestion at all. The debtor didn't even raise the argument concerning pre-petition appreciation until somewhere in the middle of the final hearing on the trustee's motion to sell the property. He should have raised it earlier in connection to the exemption plan. But he didn't raise it at that point. And in fact, even on appeal, there's nothing in the brief that I've seen where the debtor argues that. So that issue is sort of decided on. It's sort of like an estoppel point, isn't it? Well, I think that's. Or an admission point. I think that's one of the reasons. But again, as I say, I think there's several reasons. There was no hearing on it. Well, there was no hearing because the debtor never raised the issue. But if, in fact, the cap doesn't apply otherwise to this property because he just moved on to it and didn't buy it, then why does the pre-petition appreciation it? That's different from the question of valuing it at the time because if there's no cap that applies, there's no cap that applies. So why are we looking at the pre-petition appreciation? If the cap doesn't apply and if the court rules with Rogers, I think there's still an open issue that needs to be decided by the bankruptcy court, perhaps, as to whether or not in the absence of Section 522 the estate is still entitled to the post-petition appreciation in the case. Now, what about the pre-petition appreciation? You're not arguing for that. Well, there is. I don't think there is any pre-petition because that was never raised before. But I think we – Well, but you wouldn't care. I mean, if he were right, then you should care about that, not him, right? And so you're basically saying you don't care about any pre-petition appreciation if the cap doesn't apply. In other words, as I understood it – this is why I think the briefs were passing in the night. My understanding of the pre-petition issue is essentially whether somehow or other you could get the – that any pre-petition appreciation from the time he moved onto the property could be subject to the cap. I don't see why it would be, but that's what I thought the issue was. Yes, that's what the debtor – no. That's what you – The debtor was claiming that he should be entitled to the pre-petition appreciation. Right. The problem was he never made that contention in the bankruptcy court, and he never attempted to put on any evidence what was pre-petition appreciation versus post-petition appreciation. But in concept, you don't disagree that he would be entitled to any pre-petition appreciation. You agree with that? If he were right on – Well, under 522, he's not. I'm sorry? Under 522, no. But if he was right about the cap. Oh, yes. Okay. Then you agree. Then I would agree. All right. All right. So then – Okay. That we're entitled to the pre-petition appreciation. And then the question is, has anybody figured that out? Correct. Okay. I think I may have covered most of the important points. I would, again, point out that I think that the subsection does indicate that there was an intent, that they were only allowed to use a principal place of residence owned outside the 1,215-day period. And I would also – Well, didn't he claim this was his principal place of residence? Pardon me? Didn't he claim this was his principal place of residence? Well, it wasn't a principal place of residence outside the 1,215-day period. No, I understand that. It only became that two weeks before the filing of bankruptcy. But I also think that Section 522P, as I've argued in my brief, seems to be geared towards the debtors who have to pay the same exemptions at the time when they filed bankruptcy. If you look at Schedule C, which is the form that debtors are required to file with the bankruptcy petition in order to comply with their burden to claim exemptions, it's entitled Property Claimed as Exempt. And it goes on to provide that as a result of the election, the debtor may not exempt any amount of interest acquired within – provides that the debtor may not exempt any amount of interest acquired within the statutory period. The phrase Claims as a Home Debt, Section 522P1D, to me logically refers to the claim of exemption made in Schedule C. It therefore seems logical to conclude that the term amount of interest was intended to refer to the monetary value of the claim of exemption and not just the amount of interest that was acquired prior to the date of the claim of exemption. Okay, thank you very much. Your Honor, this is bankruptcy. When filed on October 6th, 1895, it's understood that he moved on the property August 1st, 2004. There were two bankruptcy proceedings. So he's been – he's been on the – he lived on this property for two years and he moved on to a year and – possibly a year and 15 days prior – I mean, a year and two months prior to this case. The – the quote from Judge Zide speaking, it's the first hearing in the second volume of the appendix at page 275, 276. It does not matter what the value of the property is because it's never going to be more than $125,000 from the date of the petition. So the value of the property itself doesn't matter. That's when we talk about an item. He had earlier rules, essentially, as was described. I don't agree. My understanding is that he did, but then you came – I'm sorry, just a minute. That you then came in and asked to present further evidence after he had indicated that in his view there was no appreciation, and that's when he said it didn't matter. He sure did before. I'll sink or swim. If you read it, I'll sink or swim on what you feel. It's the first hearing in the second volume of the appendix. The written decision which doesn't mention the value at all is immediately after it. Okay. Thank you very much, counsel. Very complicated and interesting. And thank you for your arguments. And your case, Green v. Savage, is submitted, and we are finally concluded for the day and for the week. Thank you very much.
judges: Tashima, Berzon, Timlin